IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
    Plaintiff,

v.                                                Criminal No. 1:99CR32-1

DAVID JAMES GARDNER,
    Defendant.

## ORDER/OPINION

On the 1st day of August 2005, came the defendant, David James Gardner, in person and by his counsel, Brian J. Kornbrath, and also came the United States by its Assistant United States Attorney, Zelda Wesley, pursuant to a Petition for Warrant or Summons for Offender Under Supervision filed in this case on June 22, 2005, alleging Defendant:

1) Violated Standard Condition #2 that he report to the probation officer and submit a truthful and complete written report within the first five days of each month, in that he failed to report to the probation office and did not file a written monthly report in May 2005 and June 2005, and absconded from his Supervised Release supervision; and

2) Violated Standard Condition #6 that he notify the probation officer ten days prior to any change in residence or employment, in that he quit his job at Code Plus Components located in Martinsburg, WV, on or about April 11, 2005, and left the residence at which he was staying during early April 2005, owing the owner of the residence $800.00, all without notifying the probation officer of the changes or his current whereabouts.

In his report, the probation officer also noted the following violations previously reported to the Court:

1) Violated the Standard Condition that he not commit another federal state, or local crime or

illegally possess a controlled substance, in that, on February 3, 2005, he entered pleas of guilty to two counts of Worthless Checks in Harrison County, West Virginia Magistrate Court, for which he was ordered to pay $1,648.72 in fines, costs, and restitution; and

2) Violated Standard Condition #3 that he answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. The stated grounds for this alleged Violation are reported as follows:

> The defendant was made aware of the pending worthless check charges on August 5, 2004, and was directed to make good on the checks prior to them being brought into court for action.
>
> On September 15, 2004, the undersigned officer received a call from the victim in the $1,200.00 worthless check case. He stated that the defendant still had not made good on the check. The defendant was again directed on October 5, 2004, to satisfy the worthless check complaint. The defendant advised this officer that he had already dealt with the matter.
>
> On October 7, 2004, another call was received from Jim Schaffer stating that the worthless check was still outstanding and he was now going to contact the police. On November 4, 2004, the defendant was advised that since he had not handled the worthless check matter, it had been turned over to the Harrison County Sheriff's Department. He was directed to call the Sheriff's Department and take care of the situation.
>
> On December 6, 2004, the defendant reported to the undersigned officer that he called the Harrison County Magistrate Court and was in the process of paying for the $86.00 worthless check charge. The defendant stated that Harrison County Magistrate Court had no record of the $1,200.00 worthless check charge.
>
> On January 5, 2005, the undersigned officer received a telephone call from a Harrison County Sheriff's Deputy advising that the defendant had never taken care of the $1,200.00 worthless check complaint and that a warrant was issued for him on December 20, 3004.

Prior to the taking of evidence, counsel for Defendant waived the preliminary hearing, conceding probable cause existed to forward this revocation matter to Chief District Judge Irene M. Keeley for hearing and disposition.

The Court then explained the charges contained in the Petition and the effect of the proposed

waiver to Defendant and inquired of him as to the voluntariness of his decision to waive the preliminary hearing. From the colloquy between the Court and the defendant, the Court concluded Defendant's decision to waive the preliminary hearing was knowingly and voluntarily made.

Counsel for Defendant requested the Court leave open until another time the question of Defendant's detention. Counsel for Defendant wished to consult with Defendant on that issue, and would advise the Court if a detention hearing was necessary.

Upon consideration of all which, the Court finds there is probable cause to believe that the defendant violated conditions of his supervised release as alleged and numbered 1 and 2 of the Petition for Warrant or Summons for Offender Under Supervision filed June 22, 2005.

It is therefore **ORDERED** that the defendant be bound over for a full hearing before the Honorable Irene M. Keeley, Chief United States District Judge for the Northern District of West Virginia on Violations 1 and 2 of the Petition for Warrant or Summons for Offender Under Supervision dated June 22, 2005.

It is further **ORDERED** that Defendant be remanded to the custody of the United States Marshal pending further proceedings in this matter.

The clerk of the court is directed to send a copy of this order to counsel of record.

DATED: August 1, 2005

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE